IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| BEVERLY ROBERSON, an individual | ) MARY F. FITZGERALD |
| Plaintiff, | ) CJ-2015-04153 |
| vs. | ) DISTRICT COURT |
| (1) THE TULSA JEWISH COMMUNITY RETIREMENT AND HEALTHCARE, CENTER, INC. | ) FILED<br>) ATTORNEY LIEN CLAIMED 0 2015 |
| Defendant. | ) SALLY HOWE SMITH, COURT CLERK<br>STATE OF OKLA, TULSA COUNTY |

## PETITION

COMES NOW the Plaintiff, Beverly Roberson, by and through her attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, The Tulsa Jewish Community Retirement and Healthcare Center, Inc. for violations of her constitutionally protected rights arising out of her employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, State of Oklahoma.

2. Defendant The Tulsa Jewish Community Retirement and Healthcare Center, Inc., is a domestic not-for-profit corporation regularly conducting business in Tulsa County, State of Oklahoma, and employs more than fifteen (15) people.

3. The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on race, religion and retaliation. A Notice of Right to Sue was received by Plaintiff, and

**EXHIBIT 1**

1

this Petition has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

6. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.* ("Title VII"), providing for relief against discrimination in employment on the basis of race.

7. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a), for terminating the Plaintiff in retaliation for reporting race discrimination.

8. Plaintiff brings this action for damages under the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1301, *et seq.*, for race discrimination prohibited under the laws of the State of Oklahoma.

9. Plaintiff brings this action for damages under the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1601, *et seq.*, providing for relief against retaliation for terminating the Plaintiff in retaliation for reporting race discrimination.

10. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

11. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

12. Compensatory damages, liquidated damages, equitable relief, costs, and attorney's fees may be awarded pursuant to 25 O.S. § 1350(c) and 42 U.S.C. § 1981.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiff incorporates as if realleged the preceding paragraphs.

15. Plaintiff is an African-American.

16. Plaintiff was hired by Defendant in November of 1989.

17. Plaintiff was employed as a housekeeper and a supervisor in the janitorial staff for over twenty years.

18. The Plaintiff was never formally disciplined until her wrongful termination on November 5, 2014.

19. In 2008, a new supervisor was hired to supervise the Plaintiff. Her name was Tomasa Garcia. The Plaintiff trained Ms. Garcia. Shortly after her hire, Ms. Garcia began making negative comments about African Americans.

20. Ms. Garcia stated on a number of occasions that she wished to get rid of the African American and Caucasian cleaning staff because they were "lazy" and because she wanted to hire Hispanic staff. Ms. Garcia also stated that she would not hire any Caucasian or African American cleaning people.

21. Ms. Garcia complained about these comments to Jim Jakubovitz and a meeting was held with he and Human Resources to discuss various complaints made about Ms. Garcia, including the complaints regarding the comments listed above.

22. After the meeting, in an attempt to appease management, Ms. Garcia hired some African American and Caucasian employees, only to fire them shortly thereafter. Mr. Jakubovitz did not take any disciplinary actions against Ms. Garcia for this behavior.

23. In January 2012 the Plaintiff met with Ms. Garcia to discuss her yearly evaluation. The Plaintiff brought up the fact that Ms. Garcia was more critical of her and gave her lower scoring evaluations than the Plaintiff ever received prior to Ms. Garcia becoming her supervisor. To the Plaintiff's surprise, Ms. Garcia responded that the lower scores were not due to the color of her skin. The Plaintiff found this comment to be racially offensive, as she felt that Ms. Garcia was in fact taking the Plaintiff's race into account when completing her performance evaluations.

24. The Plaintiff again complained about these comments to Mr. Jakubovitz and nothing was done.

25. In November 2014 the Plaintiff had a discussion with Mr. Jakubovitz and Ms. Garcia about the cleaning supplies that were purchased for use within the facility. During the meeting, Mr. Jakubovitz told the Plaintiff that she should not be earning more in income than her supervisor, despite the fact that the Plaintiff had been a supervisor for thirteen years and was employed with Defendant for over twenty years. The Plaintiff informed Mr. Jakubovitz that she felt like Ms. Garcia wanted to fire me to get rid of the African American employees. Mr. Jakubovitz then brought up the fact that the Plaintiff was praying and allegedly preaching in the breakroom. The Plaintiff is a Christian and while she does not agree she ever "preached" in the breakroom, she has always prayed and it was never a problem before.

26. On November 5, 2014, the Plaintiff's employment was terminated for allegedly not being supportive of the company.

27. Plaintiff believes that she was terminated on the basis of her race, African American, her religion, Christian, and retaliated against for complaining about race discrimination, all in violation of Title VII and the OADA.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

28. Plaintiff incorporates the preceding paragraphs as if realleged.

29. By terminating the Plaintiff and treating the Plaintiff differently than similarly situated non-African American employees, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## RETALIATION (TITLE VII)

31. Plaintiff incorporates as if re-alleged the preceding paragraphs.

32. Plaintiff complained about the racist comments directed toward African-American employees and was terminated shortly thereafter.

33. By terminating Plaintiff's employment in retaliation for her complaints regarding the race discrimination, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a).

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### DISCRIMINATION BASED ON RACE IN VIOLATION OF THE OADA 25 O.S. § 1301 *et seq*

34. Plaintiff incorporates the preceding paragraphs as if realleged.

35. By terminating Plaintiff's employment on the basis of race, the Defendant has violated the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1301, et seq.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
### RETALIATION IN VIOLATION OF THE OADA 25 O.S. § 1601 *et seq.*

36. Plaintiff incorporates as if re-alleged the preceding paragraphs.

37. Plaintiff complained about the racist comments made by her supervisor and she was terminated shortly thereafter.

38. By terminating Plaintiff's employment in retaliation for her complaints regarding race discrimination, Defendant has violated the Oklahoma Anti-Discrimination Act 25 O.S. §1601, *et seq.*

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;

     b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
     c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
     d. Her attorney fees and the costs and expenses of this action;
     e. Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RELIGION (TITLE VII)

28. Plaintiff incorporates the preceding paragraphs as if realleged.

29. By criticizing the Plaintiff for praying and preaching in the breakroom and then shortly thereafter terminating her employment for allegedly not supporting the Company, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-

pecuniary loss, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

                          Respectfully submitted,

                          Daniel E. Smolen (OBA#19943)
                          SMOLEN, SMOLEN & ROYTMAN, PLLC
                          701 South Cincinnati Avenue
                          Tulsa, OK 74119
                          (918) 585-2667
                          (918) 585-2669 (Fax)
                          *Attorney for Plaintiff*